**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-82-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LONNIE HEADDRESS, JR., | |
| Defendant. | |

## I.  Synopsis

Defendant Lonnie Headdress, Jr. (Headdress) has been accused of violating the conditions of his supervised release.  Headdress admitted the alleged violations. Headdress's supervised release should be revoked.  Headdress should be placed in custody for 5 months, with 18 months of supervised release to follow.  Headdress should serve the first 60 days of supervised release at Alternatives in Billings, Montana, followed by 180 days at the Pre-Release Center in Great Falls, Montana. The United States Probation Office should be given the authority to shorten Headdress's term at the Great Falls Pre-Release Center, if appropriate.

## II.  Status

Headdress pleaded guilty to Arson on March 22, 2017.  (Doc. 28).  The Court sentenced Headdress to 24 months of custody, followed by 2 years of

supervised release.  (Doc. 34).  Headdress's current term of supervised release

began on August 13, 2018.  (Doc. 37 at 1).

**Petition**

The United States Probation Office filed a Petition on March 1, 2019,

requesting that the Court revoke Headdress's supervised release.  (Doc. 37).  The

Petition alleges that Headdress violated the conditions of his supervised release:

1) by failing to report for substance abuse testing; 2) by failing to report for

substance abuse treatment; 3) by consuming alcohol; 4) by failing to answer

truthfully the questions asked by his probation officer; and 5) by failing to make all

of his monthly restitution payments.  (Doc. 37 at 2-3).  United States District Judge

Brian Morris issued a warrant for Headdress's arrest.  (Doc. 38).

**Initial appearance**

Headdress appeared before the undersigned for his initial appearance on

April 2, 2019.  Headdress was represented by counsel.  Headdress stated that he

had read the petition and that he understood the allegations.  Headdress waived his

right to a preliminary hearing.  The parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on April 2, 2019. Headdress admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report for substance abuse treatment; 3) by consuming alcohol; 4) by failing to answer truthfully the questions asked by his probation officer; and 5) by failing to make all of his monthly restitution payments. The violations are serious and warrant revocation of Headdress's supervised release.

Headdress's violations are Grade C violations. Headdress's criminal history category is I. Headdress's underlying offense is a Class B felony. Headdress could be incarcerated for up to 36 months. He could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Headdress's supervised release should be revoked. Headdress should be incarcerated for 5 months, with 18 months of supervised release to follow. Headdress should receive credit for time served. Headdress should serve the first 60 days of supervised release at Alternatives in Billings, Montana, followed by 180 days at the Pre-Release Center in Great Falls, Montana. The United States Probation Office should be given the authority to shorten Headdress's term at the

Great Falls Pre-Release Center, if appropriate. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Headdress that the above sentence would be recommended to Judge Morris. The Court also informed Headdress of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Headdress that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Headdress stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Lonnie Headdress, Jr. violated the conditions of his supervised release by failing to report for substance abuse testing, by failing to report for substance abuse treatment, by consuming alcohol, by failing to answer truthfully the questions asked by his probation officer, and by failing to make all of his monthly restitution payments.

The Court **RECOMMENDS:**

> That the District Court revoke Headdress's supervised release and commit Headdress to the custody of the United States Bureau of Prisons for a term of imprisonment of 5 months, with 18 months of supervised release to follow. Headdress should receive credit for time served. Headdress should

serve the first 60 days of supervised release at Alternatives in Billings, Montana, followed by 180 days at the Pre-Release Center in Great Falls, Montana. The United States Probation Office should be given the authority to shorten Headdress's term at the Great Falls Pre-Release Center, if appropriate.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of April, 2019.

John Johnston
United States Magistrate Judge